UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RAIKUEZ FIDEL MELCHOIRRE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:25-cv-00410-LEW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PETITIONER'S FILING**

Petitioner, who is a pretrial detainee at the Cumberland County Jail, seeks habeas relief, pursuant to 28 U.S.C. § 2241, in the form of his release from jail. (Petition, ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a habeas petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . ."). Although Petitioner asserts his claim pursuant to § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

**FACTUAL BACKGROUND**

Petitioner asserts that he has been held in custody since January 2, 2024. He contends that he has been held in jail in "violation of 180 day rule" to be brought to trial. (Petition at 3.) The petition otherwise consists of references to legal authority and general assertions with minimal facts regarding alleged violations of Petitioner's rights.

**DISCUSSION**

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). The criminal proceedings alleged in the petition are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate

opportunity to raise federal constitutional challenges. Abstention, therefore, is required. In fact, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a preliminary review in accordance with Rule 4, I recommend the Court dismiss this matter without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of September, 2025.